IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA GERARD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-1944 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
|     Defendant. | § | |

## JOINT CONFERENCE REPORT

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

   The meeting took place via conference call on October 7, 2015.  Counsel for the Plaintiff was Anthony Vessel and counsel for Defendant was Lisa Magids.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   No related cases are pending in any state or federal court.

3. **Briefly describe what this case is about.**

   Plaintiff seeks Long-Term Disability benefits from Defendant.  Defendant has denied that additional benefits are owed.

4. **Specify the allegation of federal jurisdiction.**

   ERISA, pursuant to 29 U.S.C. § 1132(e)(1).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Defendant contends that this case is exempt from initial disclosures under Federal Rule 26(b)(i).

    However, the parties have agreed to exchange disclosures by November 13, 2015.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

    (i)   Although this case is exempt from initial disclosures under Federal Rule 26(b)(i), the parties have agreed to exchange initial disclosures by November 13, 2015.

    (ii)  Discovery can be completed by May 20, 2016.

    (iii) Plaintiff's Contentions:
    The Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

    The level of conflict can be considered by the Court when applying the standard of review.

    It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Further, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 647 F.3d 263 (5th Cir. La., 2011). In using the words "existence and extent of a conflict of interest" Plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

    (iv)  Defendant's Contentions:
    Defendant objects to any discovery in this matter because, with limited exceptions not implicated in this case, judicial review of the claims determinations in an ERISA case is restricted to consideration of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc). Defendant contends that under ERISA jurisprudence, judicial review of the claims determinations at issue in this case is confined to the administrative record. *See Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (citing *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 635 (5th Cir. 1992)). The purpose of confining the district court's review to the evidence presented to the plan administrator is to promote ERISA's goal of prompt and efficient claims

resolution by plan fiduciaries.  In the Fifth Circuit's en banc *Vega* decision, the Court stated, " . . . with respect to material factual determinations--those that resolve factual controversies related to the merits of the claim—the court may not consider evidence that is not part of the administrative record." 188 F.3d at 300.  Accordingly, discovery on any disputed fact on which Hartford relied is unnecessary and inappropriate.  *See id*.  To the extent discovery is allowed, however, Defendant contends that it should be limited, as appropriate, in accordance with the guiding principles of ERISA benefits litigation established by the courts in the Fifth Circuit.

**b.  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to Defendant within 90 days.

**c.  When and to whom the defendant anticipates it may send interrogatories.**

Defendant does not intend to send interrogatories to Plaintiff for the reasons specified in (a) above.

**d.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Unknown at this time.  Plaintiff will be in a better position to make this decision once written discovery is complete.

**e.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant does not anticipate taking any oral depositions for the reasons specified in (a) above.

**(i) Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

Plaintiff will designate experts and provide any expert reports required under Rule 26(a)(2)(B) by March 11, 2016.

**(ii) Specify the date experts for defendant will be designated and their reports provided to opposing party.**

Defendant does not anticipate designating experts or furnishing reports for the reasons specified in (a) above.  However, in the unlikely event that the Court allows the parties to designate experts, Defendant will designate its experts and provide reports under Rule 26(a)(2)(B) by April 29, 2016.

**g.  List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff may depose Defendant's experts, if any, by May 19, 2016.

    h. **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

To the extent allowed by this Court and necessary, Defendant may depose Plaintiff's experts as necessary by April 13, 2016.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff's position is set forth in paragraph 10(iii).

Defendant does not plan to seek discovery on any topic, and instead objects to any discovery in this matter because, with limited exceptions not implicated in this case, judicial review of the claims determinations in an ERISA case is restricted to consideration of the administrative record.  *See Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 299 (5th Cir. 1999) (en banc).  Defendant contends that under ERISA jurisprudence, judicial review of the claims determinations at issue in this case is confined to the administrative record.  *See Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (citing *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 635 (5th Cir. 1992)).  The purpose of confining the district court's review to the evidence presented to the plan administrator is to promote ERISA's goal of prompt and efficient claims resolution by plan fiduciaries.  In the Fifth Circuit's en banc *Vega* decision, the Court stated, " . . . with respect to material factual determinations--those that resolve factual controversies related to the merits of the claim—the court may not consider evidence that is not part of the administrative record." 188 F.3d at 300.  Accordingly, discovery on any disputed fact on which Hartford relied is unnecessary and inappropriate.  *See id*.  To the extent discovery is allowed, however, Defendant contends that it should be limited, as appropriate, in accordance with the guiding principles of ERISA benefits litigation established by the courts in the Fifth Circuit.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

May 20, 2016.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have agreed to engage in informal settlement discussions.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to engage in informal settlement discussions.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The Parties believe that mediation may be appropriate at a later date after further development of the case and after the parties have pursued informal settlement discussions, but not at this time. The parties will select a mediator if they determine that mediation would be appropriate and assist in the resolution of this case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    No.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties agree that the case should be decided on the administrative record and the parties' briefing related thereto.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other pending motions.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    Defendant has filed its Disclosure of Interested Persons.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    <u>For the Plaintiff:</u>
    Marc S. Whitehead
    Texas State Bar No. 00785238
    Federal I.D. 15465
    Anthony Vessel

Texas State Bar No. 24084019
Federal I.D. 1692384
5300 Memorial Drive, Suite 725
Houston, TX 77007
Telephone:  (713) 654-7878
Facsimile:  (713) 869-3223

<u>For the Defendant:</u>
Lisa Magids
Texas State Bar No. 24002600
USDC Southern District of Texas No. 22023
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, Texas 78701
Phone:  512.481.8479
Facsimile:  512.481.8444


| */s/ J. Anthony Vessel* | */s/ Lisa Magids* |
|---|---|
| Counsel for Plaintiff | Counsel for Defendant |
| Date:  10/22/2015 | Date:  10/22/2015 |